UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOSEPH CHERY,

Plaintiff,

-against-

ONA KREBS, CAP Advocate; PAULETTE DARVAS, Vocational Rehabilitation Counselor; ROMAN & ASSOCIATE; and MARY JO STELLA,

Defendants.

---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-3473 (SJF)

FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y

★ AUG 30 2011 ★

LONG ISLAND OFFICE

FEUERSTEIN, United States District Judge:

On July 18, 2011, *pro se* plaintiff Joseph Chery ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Ona Krebs ("Krebs"), Paulette Darvas ("Darvas"), Roman & Associate ("Roman") and Mary Jo Stella ("Stella"), together with an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration accompanying his application, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons set forth herein, the complaint is *sua sponte* dismissed.

I. The Complaint

Plaintiff alleges that the New York State Education Department ("NYSED"), Office of Vocational and Educational Services for Individuals with Disabilities ("VESID"), discriminated against him based upon his disability and status as an immigrant by disqualifying him for job training and employment. (Compl. at 3, ¶ III.C). Specifically, plaintiff alleges that on September 2, 1993,

he sustained a work-related injury, as a result of which the New York State Workers' Compensation Board ("NYSWCB") classified him as "permanently partially disabled," (Compl., at 3, ¶ IV; exhibit); that in 2006, the NYSWCB referred him to VESID for vocational job training; that an unidentified supervisor at VESID disqualified him for training because of his injury; that in 2009, he "tried again," but defendant Darvas, a vocational rehabilitation counselor with VESID, "never did anything to help [him]" following his interview with her in June 2009; that he then contacted the Long Island Advocacy Center for the Legal Rights of Students and Individuals with Disabilities ("LIAC"); that Krebs, an advocate with the LIAC's Client Assistance Program ("CAP"), sent him a letter dated July 8, 2010, enclosing a release form authorizing CAP to obtain copies of his records from VESID and/or The Commission for the Blind and Visually Handicapped ("CBVH") and requesting that he sign the release form and return it to her; and that he signed and returned the form to Krebs, but has not heard anything from her since that time. (Compl., attachment dated May 2, 2011 and exhibit).

The complaint does not contain any factual allegations against Roman or Stella. Rather, plaintiff annexes to the complaint a letter from Stella, an employee of Roman, the "authorized representative of New York State Insurance Fund, the insurance carrier regarding [plaintiff's Workers' Compensation claim]," dated October 6, 2010, requesting that plaintiff contact her to schedule an appointment to perform a "permanent disability field review." (Compl., exhibit).

Plaintiff seeks monetary damages in the amount of five million dollars ($5,000,000.00). (Compl. at 4, ¶ V).

II. Discussion

A. Standard of Review

The *in forma pauperis* statute requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

B. Claims Against Darvas

It is clear from the factual allegations in plaintiff's complaint that he is, in essence, challenging the adequacy of VESID services provided to him, not any illegal discrimination against him based upon his disability.[1] See, e.g. Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998).

---

[1] Moreover, the complaint is bereft of any factual allegations stating a plausible claim for discrimination based upon plaintiff's nationality or status as an immigrant.

Title I of the Rehabilitation Act furnishes federal grants to "assist States in operating statewide . . . programs of vocational rehabilitation . . . designed to assess, plan, develop, and provide vocational rehabilitation services for individuals with disabilities, consistent with their strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice, so that such individuals may prepare for and engage in gainful employment." 29 U.S.C. § 729(a)(2)(B). "The State of New York has opted to receive federal grants under Title I, and pursuant to the state's Vocational Rehabilitation Law, see N.Y. Educ. Law § 1001 *et seq.*, 'VESID administers Federally funded vocational rehabilitation programs and promulgates rules and regulations necessary to implement the State law.'" Wasser v. N.Y. State Office of Vocational and Educ. Servs. for Individuals with Disabilities, 602 F.3d 476, 478 (2d Cir. 2010) (quoting Murphy v. Office of Vocational & Educ. Servs. for Individuals with Disabilities, 92 N.Y.2d 477, 683 N.Y.S.2d 139, 705 N.E.2d 1180, 1182 (1998)).

States are also required to "establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by," VESID. 29 U.S.C. § 722(c)(1). A due process hearing "must be conducted by an impartial hearing officer, who is selected on a random basis or by agreement of the parties." Wasser, 602 F.3d at 478 (citing 29 U.S.C. § 722(c)(5)(A),(C)).

After a final decision is made by the hearing officer, Section 102 of the Rehabilitation Act, 29 U.S.C. § 722(c)(5)(J), allows an aggrieved party to "bring a civil action for review of such decision in a district court of the United States of competent jurisdiction." 29 U.S.C. § 722(c)(5)(J)(i). Pursuant to 29 U.S.C. § 722(c)(5)(J)(ii), the district court-

> (I) shall receive the records relating to the [impartial due process] hearing. . . and the

records relating to the State review. . ., if applicable;

(II) shall hear additional evidence at the request of a party to the action; and

(III) basing the decision of the court on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate.

Since Section 102 of the Rehabilitation Act, 29 U.S.C. § 722(c)(5)(j), provides "a comprehensive remedial scheme for individuals to challenge benefit determinations relating to their vocational rehabilitation services," Wasser v. New York State Office of Vocational and Educational Services for Individuals with Disabilities, 683 F.Supp. 2d 201, 213-14 (E.D.N.Y. 2008), aff'd, 602 F.3d 476 (2d Cir. 2010) (discussing the appropriate standard of review), and aff'd, 373 Fed. Appx. 120 (2d Cir. Apr. 28, 2010) (affirming the remainder of the district court's judgment), it is the exclusive remedy for seeking judicial review of a final benefits determination. Id. Accordingly, plaintiff's Section 1983 claims are dismissed. See, e.g. id. at 214.

"[T]he Rehabilitation Act provides individuals with a private right of action to challenge the *final decision* issued by a state agency's reviewing official in state or federal court." Wasser, 683 F.Supp.2d at 214 (emphasis added); see also El v. VESID Organization and Affiliates, No. 10-CV-5781, 2011 WL 288512, at * 1 (E.D.N.Y. Jan. 27, 2011) (holding that the private right of action under Section 102 of the Rehabilitation Act, 29 U.S.C. ¶ 722, is available only to a party aggrieved by a final decision in administrative proceedings concerning determinations made by VESID). However, plaintiff does not allege that he followed the procedures required to obtain judicial review of the adequacy of the services provided him by Darvas, as a vocational rehabilitation counselor with VESID, pursuant to Section 102 of the Rehabilitation Act, i.e., he does not allege that he followed the procedures required to obtain an impartial due process hearing, that he participated in an

impartial due process hearing, or that a final decision was ever issued upon administrative review regarding the adequacy of the vocational rehabilitation services provided to him by Darvas or VESID. Accordingly, plaintiff's claims against Darvas are dismissed with prejudice **unless within thirty (30) days from the date this Order is served with notice of entry upon him, plaintiff either: (1) files an amended complaint alleging his compliance with the procedural requirements of Section 102 of the Rehabilitation Act, 29 U.S.C. § 722(c)(5)(j), or (2) voluntarily withdraws his claims against Darvas without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure so that he can exhaust the state review procedures and obtain a final administrative decision reviewable in state court or this Court.**

C. Section 1983 Claims against Krebs, Roman and Stella

1. Color of State Law

Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)(citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks omitted).

a. Krebs

The LIAC is a private, not-for-profit agency, see http://www.theliac.org/Home_Page.php,

with a CAP funded through grants from the New York State Commission on Quality of Care and Advocacy for Persons with Disabilities that provides legal and advocacy services to individuals, *inter alia*, seeking vocational rehabilitation, see http://www.theliac.org/Client_Assist.php. Accordingly, staff of the LIAC, including its CAP advocates such as Krebs, are not state actors under Section 1983.

Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325. The allegations in the complaint are insufficient to state a Section 1983 conspiracy claim against Krebs.

Moreover, state action may also be found if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"[2] Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). However, the factual allegations in the complaint do not plausibly suggest: (1) that the LIAC's CAP "acts pursuant to the 'coercive power' of the state or is 'controlled' by the state;" (2) that the LIAC's CAP "has been delegated a public function by the

---

[2] "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." Brentwood Academy, 531 U.S. at 295 n. 2, 121 S.Ct. 924; see also Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004).

[s]tate," i.e., that the legal and advocacy services provided by the CAP are within the "exclusive prerogative" of the state; (3) that (a) "the state provides, '*significant encouragement*' to [the LIAC's CAP]," (b) the LIAC's CAP is a "willful participant in *joint activity* with the [s]tate" or (c) the functions of the LIAC's CAP are "'*entwined*' with state policies," Hollander v. Copacabana Nightclub, 624 F.3d 30, 34 (2d Cir. 2010), cert. denied, 131 S.Ct. 914, 178 L.Ed.2d 751 (2011) (emphasis and alterations in original) (quoting Sybalski v. Independent Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam)); or (4) that "[t]he State has so far insinuated itself into a position of interdependence with [the LIAC's CAP] . . . that it must be recognized as a joint participant in the challenged activity," Burton v. Wilmington Parking Authority, 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). "[T]he presence of state funding or regulation, in the absence of some concerted action with state officials, does not transform a private party's actions into state action." White, 369 Fed. App. at 226; see also Archer v. Economic Opportunity Commission of Nassau County Inc., 30 F.Supp.2d 600, 605 (E.D.N.Y. 1998) (holding that "a private entity's dependence on government funding does not make the organization a state actor" and that "[e]xtensive state regulation is also insufficient unless the contested action is compelled or influenced by such regulation.") "The operation of a not-for-profit public service agency [such as the LIAC's CAP], even with the use of government funds, does not constitute state action," regardless of whether the agency performs its services pursuant to public contract. Archer, 30 F.Supp.2d at 606.

Accordingly, plaintiff's Section 1983 claims against Krebs are dismissed with prejudice **unless plaintiff files an amended complaint alleging that Krebs acted under color of state law within thirty (30) days from the date this Order is served with notice of entry upon him.**

b. Roman and Stella

It is unclear about what specific conduct on the part of Roman and Stella that plaintiff complains. The only seemingly plausible claim that can be discerned upon a liberal reading of the complaint and exhibits attached thereto is a challenge to the decision of Roman, a private claims investigation firm retained by the NYSIF, to review plaintiff's workers' compensation file. However, neither Roman nor Stella are state actors and the allegations in the complaint are insufficient to state a Section 1983 conspiracy claim against Roman or Stella or to find state action based upon a "close nexus between the State and the challenged actions" of Roman and Stella. Brentwood Academy, 531 U.S. at 295, 121 S.Ct. 924. Accordingly, plaintiff's Section 1983 claims against Roman and Stella are dismissed with prejudice **unless plaintiff files an amended complaint alleging that those defendants acted under color of state law within thirty (30) days from the date this Order is served with notice of entry upon him.**

2. Personal Involvement

Plaintiff's claims against Stella also fail because "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004)(internal quotations and citation omitted); see also Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by the defendant in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or

(4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Rolon v. Ward, 345 Fed. Appx. 608, 611 (2d Cir. Sept. 4, 2009). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127. A complaint based on a violation under Section 1983 that does not allege facts establishing the personal involvement of a defendant fails a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Rosa R. v. Connelly, 889 F.2d 435, 437 (2d Cir. 1989).

Plaintiff has not alleged the direct participation of Stella in any of the wrongdoing alleged in his complaints, nor any basis upon which to find her liable in a supervisory capacity. Accordingly, plaintiff's claims against Stella are dismissed in their entirety with prejudice **unless plaintiff files an amended complaint alleging her personal involvement in the alleged constitutional deprivations within thirty (30) days from the date this Order is served with notice of entry upon him.**

## III. Conclusion

Based upon the foregoing, it is hereby,

ORDERED, that plaintiff's application to proceed *in forma pauperis* is granted, and it is further,

ORDERED, that plaintiff's complaint is *sua sponte* dismissed with prejudice **unless plaintiff files an amended complaint in accordance with this Order within thirty (30) days of the date**

**this Order is served with notice of entry upon him.**

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
August 30, 2011